IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL LEE, #239 905, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-249-WHA |
| ) | [WO] |
| ALABAMA DEPT. OF CORRECTIONS, ) | |
| *et al*., ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on April 8, 2016. On May 9, 2016, the court entered an order of procedure directing Defendants to file an answer and special report. Doc. 5. The order also informed Plaintiff that if he "moves to a different institution or is released, he must immediately inform the court and Defendant of his new address." Doc. 5 at 4. The order also advised Plaintiff that "[f]ailure to comply with this requirement will result in a Recommendation that this case be dismissed." Doc. 5 at 4.

The court recently determined that Plaintiff is no longer at the Donaldson Correctional Facility, which is the last known service address the court has on file for him. *See* Doc. 28. Consequently, an order was entered on July 27, 2018 requiring that by August 6, 2018 Plaintiff file with the court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 36. This order specifically advised Plaintiff that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 36. Plaintiff's copy of the July 27, 2018, order was returned to the court marked as undeliverable.

The foregoing makes clear that Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further ORDERED that **on or before September 12, 2018**, the parties may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 29th day of August, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE